IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02212-WDM-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$5,565.000 IN UNITED STATES CURRENCY, and
GUADALUPE RASCON-CHAVEZ,

    Defendants.

---

**RECOMMENDATION ON MOTION TO STRIKE ANSWER AND ENTER JUDGMENT**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiff's Motion to Strike Answer and Enter Judgment [filed August 19, 2010; docket #22]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C, the motion was referred to this Court for recommendation [docket #23]. For the following reasons, the Court recommends that the motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

The Plaintiff, United States, initiated this forfeiture action on September 15, 2009. On October 28, 2009, Plaintiff issued its Notice of Arrest and Procedure informing potential claimants of the forfeited property that they had thirty-five (35) days within which to file a Claim pursuant to 18 U.S.C. § 983(a)(4) and to the Supplemental Rule for Admiralty or Maritime and Asset Forfeiture Actions G(5), and had twenty (20) days after filing a Claim to file an Answer to the Verified Complaint. Docket #6.

On November 25, 2009, Guadalupe Rascon-Chavez, through his attorney, Adam Tucker, filed an Answer to the Verified Complaint. Two days later, the Plaintiff filed an unopposed motion to vacate the pending Status Conference asserting that Mr. Rascon-Chavez had not yet filed the requisite claim. Docket #11. On January 5, 2010, the Plaintiff filed a second unopposed motion to vacate the Status Conference claiming that Mr. Rascon-Chavez still had failed to file the requisite claim and informing the Court that Mr. Tucker had indicated he was unable to contact his client, Mr. Rascon-Chavez, and had no idea where the claimant was located. Docket #14 at 2. On March 1, 2010, the Plaintiff filed a third unopposed motion to vacate the Status Conference asserting that Mr. Tucker was still unable to contact Mr. Rascon-Chavez.

The Court held a Status Conference in this case on May 6, 2010. The parties discussed the fact that Mr. Rascon-Chavez had not filed the requisite claim, since it requires a signature under penalty of perjury by the claimant. Mr. Tucker informed the Court that Mr. Rascon-Chavez was deported to Mexico, but Mr. Tucker was authorized to accept the recent settlement offer by the Plaintiff. The Court permitted the parties to continue with efforts to settle the matter and ordered the parties to file a status report on or before June 7, 2010. Docket #20. The Plaintiff filed a Status

Report on June 7 informing the Court that the parties had reached a settlement of the matter on May 6, 2010, and the Plaintiff sent a written settlement agreement to Mr. Tucker on May 11, 2010. Docket #21. As of the date of the report, the United States had received no agreement signed by Mr. Rascon-Chavez. *Id.* Mr. Tucker informed the United States that he had relayed the agreement and claim to Mr. Rascon-Chavez in mid-May, but had received nothing back and had no other way to contact Mr. Rascon-Chavez. *Id.*

Approximately two months later, the United States filed the present motion seeking an order striking the Answer for Mr. Rascon-Chavez' failure to file the requisite claim. In addition, the United States seeks judgment in its favor, since no claims have been made of the forfeited property. Mr. Rascon-Chavez did not respond to the motion.

## II. Analysis

According to 21 U.S.C. § 881(a)(6), "all moneys ... or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance ... [or] all proceeds traceable to such an exchange" shall be subject to forfeiture by the United States. The present action is an *in rem* civil action instituted by the United States against the property at issue; thus, the property, $5,565.00, is the defendant in the action and the United States is the plaintiff. *See United States v. $25,790 U.S. Currency*, Action No. AW-09-3283, 2010 WL 2671754, *2 (D. Md. July 2, 2010) (citing *Via Mat Int'l. S. Am. Ltd. v. United States,* 446 F.3d 1258, 1264 (11th Cir. 2006)). A person claiming seized property is not a party to the action, but is a third-party intervenor who must have independent standing if the intervenor would be the only party litigating the case. *Id.* (citing *United States v. One-Sixth Share,* 326 F.3d 36, 40 (1st Cir. 2003)). "A party who fails to file a claim normally lacks standing to contest a forfeiture." *One-Sixth Share*, 326 F.3d at 41 (quotation and

citation omitted).

Pursuant to the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Actions ("Supplemental Rules"), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." *$25,790 U.S. Currency*, 2010 WL 2671754 at *2 (quoting Supp. R. G(5)(a)(i)); *see also* 18 U.S.C. § 983(a)(4)(A) (a person may claim an interest in seized property in the "manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims ...."). The Supplemental Rules provide that the United States may set the deadline for filing a verified claim at least thirty-five (35) days from the date it sends notice of the proceeding to a potential claimant. *$25,790 U.S. Currency*, 2010 WL 2671754 at *2 (citing Supp. R. G(4)(b)(ii)). Further, "[a] person asserting an interest in seized property ... shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." 18 U.S.C. § 983(a)(4)(B); *see also $25,790 U.S. Currency*, 2010 WL 2671754 at *2 (citing Supp. R. G(5)(b), which gives a claimant twenty-one (21) days to serve and file an answer to the complaint after the filing of a claim).

The requirements set forth in the Supplemental Rules "must be strictly enforced." *$25,790 U.S. Currency*, 2010 WL 2671754 at *2 (citing *United States v. $1,437.00 in U.S. Currency,* 242 F. Supp. 2d 193, 196 (W.D.N.Y. 2002)). A potential claimant lacks statutory standing to assert his claim if he fails to file a claim and an answer in a timely manner and under the proper procedures set forth in the Supplemental Rules. *Id.* (citing cases). "Thus, if a claimant has failed to file a qualifying claim within the time limits allowed by law, the district court should strike the answer on the pleadings and enter a default judgment for the government." *Id.* (citing cases).

Here, there is no dispute that the only potential claimant in this action, Mr. Rascon-Chavez,

4

has failed to file the requisite claim pursuant to Supplemental Rule G(5). Consequently, he lacks statutory standing to proceed in this case. *See $25,790 U.S. Currency*, 2010 WL 2671754 at *3 ("an answer without a claim cannot satisfy the notice-of-claim requirements" in the Supplemental Rules). Therefore, this Court recommends that the District Court strike the Answer filed by Mr. Rascon-Chavez on November 25, 2009. In addition, because no other person has made a claim of the seized property in this action, this Court recommends that the District Court enter judgment in favor of the United States.

## III. Conclusion

Based on the foregoing, and the entire record provided to the Court, I respectfully RECOMMEND that the District Court **grant** Plaintiff's Motion to Strike Answer and Enter Judgment [filed August 19, 2010; docket #22].

Dated at Denver, Colorado, this 20th day of September, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge